AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case



FILED
JAN 2 8 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

JOHN LEE MCCOY, III
   a/k/a "J-Mac",
   a/k/a "T-Mac"
Defendant.

Case Number:   2:09CR00042-004

USM Number:   58743-083

Defendant's Attorney: Brett Lucas

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment and Count 1s of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| **Title and Section** | **Nature of Offense** | **Offense Class** | **Offense Ended** | **Count** |
|---|---|---|---|---|
| T.21, USC, Section 846 | Conspiracy to distribute and possess with intent to distribute cocaine, heroin, cocaine base, and marijuana; Use communication facilities to cause, commit, and facilitate felony violations of the Controlled Substances Act; and Open, lease, rent, use, and maintain places for the purposes of manufacturing, distributing, and using controlled substances | Felony | April 2, 2009 | 1 |
| T.18, USC, Sections 924(c)(1)(A) and 2 | Using and carrying a firearm during and in relation to a drug trafficking crime | Felony | April 2, 2009 | 1s |

   On motion of the United States, the Court has dismissed the remaining counts in the indictment as to defendant John Lee McCoy, III.

   As pronounced on January 25, 2010, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _28_ day of January, 2010.

/s/ *[signature]*
Jerome B. Friedman
United States District Judge

Case Number:      2:09CR00042-004
Defendant's Name: JOHN LEE MCCOY, III

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED THIRTY-TWO (132) MONTHS. This term consists of a term of seventy-two (72) months on Count 1 of the Indictment and a term of sixty (60) months on Count 1s of the Criminal Information, all to be served consecutively.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.


                                                _____
                                                UNITED STATES MARSHAL

                                    By          _____
                                                DEPUTY UNITED STATES MARSHAL

Case Number: 2:09CR00042-004
Defendant's Name: JOHN LEE MCCOY, III

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of five (5) years on Count 1 of the Indictment and a term of five (5) years on Count 1s of the Criminal Information, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number:       2:09CR00042-004
Defendant's Name:  JOHN LEE MCCOY, III

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include anger management. The costs of these programs are to be paid by the defendant as directed by the probation officer.

Case Number:       2:09CR00042-004
Defendant's Name:  JOHN LEE MCCOY, III

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 1s | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.

Defendant's Name:   JOHN LEE MCCOY, III
Case Number:        2:09CR00042-004

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately. If not paid immediately, the special assessment may be subject to penalties for delinquency and default.

Since this judgment imposes a period of imprisonment, payment of the special assessment shall be due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, United States District Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

The defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until the special assessment imposed by this judgment is fully paid.