IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

John Lee McCoy III,                )
                    Petitioner.    )
                                   )
                                   )
                                   )
vs.                                )        Case No. 2:09CR00042-004
                                   )
                                   )
                                   )
United States of America,          )
                    Respondant.    )

## MEMORANDUM OF BRIEF IN SUPPORT OF MOTION FOR TERM OF IMPRISONMENT

**TO THE HONORABLE JUDGE FRIEDMAN**

The petitioner, John Lee McCoy III, pro-se, respectfully files this memorandum brief in support of his Motion pursuant to 18 U.S.C. §3582(C)(2) and §1B1.10(C) of the Sentencing Guidelines to reduce his sentence based upon **Amendment 782 Drugs Minus Two,** which became retroactive application on July 18, 2014, concerning weight equivalency of cocaine.

**Title 18 United Code, Section 3582(C)(2) provides:**

(c) Modification of an imposed term of imprisonment.- The Court may modify a term of imprisonment once it has been imposed except that-

(2) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to **28 U.S.C. §994(o),** upon Motion of the defendant or director of the Bureau of Prisons, or on its own Motion, the Court may reduce the term of imprisonment after considering the factors set forth in section

3553(a) to the extent that they are applicable policy statements issued by the sentencing commission.

**U.S.S.G. §1B1.10(b)(1) provides:**

(b) <u>Determination of reduction in term of imprisonment.</u>–

(1) <u>In General.</u>– In determining whether and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(C)(2) and this policy statement is warranted, the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guideline listed in subsection (c) had been in effect at the time the defendant was sentenced.

In making such determination, the Court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

**Amendment 782 Drugs Minus Two** was made retroactive by the United States Sentencing Commission effective July 18, 2014. See **U.S.S.G. §1B1.10 which provides:**

(c) <u>Covered Amendments.</u>– Amendments covered by this policy statements are listed in appendix C as follows: 125, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 490, 505, 516, 591, 599, 606, 657, 702, and <u>782</u>

**U.S.S.G. §1B1.10 Commentary, Application Notes, provided in pertinent part:**

(A) <u>Eligibility</u>– Eligibility for consideration under 18 U.S.C. §3582(C)(2) is triggered only by an amendment listed in subsection (c) that lowers the application guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(C) and is not consistent with this policy statement if: (A) None of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection

(c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline or statutory provision ( e.g., a statutory mandatory minimum term of imprisonment ).

**(B) Factors for Consideration** –

**(iii) Post-Sentencing Conduct** – The Court may consider post-sentencing conduct of the defendant that occured after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b). ( March 3, 2008 ).

The defendant, John Lee McCoy III, humbly believes that he has shown that: (1) **Amendment 782 Drugs Minus Two** is applicable to his case; (2) **Amendment 782 Drugs Minus Two** made retroactive by the sentencing conduct significant to warrant sentencing to the low end of the new guideline range. See U.S.S.G. §1B1.10(iii) and §1B1.10(C).

Both the relevant federal statue and the sentencing guideline provide that a Court has the discretion to decide whether to apply, retroactively, an amended guideline to reduce the length of incarceration.

Under 18 U.S.C. §3582(C)(2), if a defendant was sentenced according to a sentencing range that has been lowered by the sentencing commission, a Court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the sentencing commission.

See U.S.S.G. §1B1.10; **United States vs. Bravo**, 203 F3rd 778 (11th Cir. 2000); **United States vs. Brown**, 104 F3rd 1254 (11th Cir. 1997)( holding that Court must consider relevant consideration set forth in the statue but is not required to make written findings on each factor ); **United States vs. Vautier**, 144 F3rd 756 (11th Cir.

1998).

When deciding whether to reduce a defendant's sentence under §3582(C)(2) the Court should consider the factors set forth in 18 U.S.C. §3553(a). Though it is not required to make specific findings regarding each of the factors enumerated in §3553(a), the COurt should tailor it comments to show that the sentenced imposed is appropriate in light of these factors. The Court should also consider the sentence it would have imposed had the [ A) mendment been in effect at the time the defendant was sentenced]. **United States vs. Vautier**, supra, **United States vs. Carter**, 110 F3rd 759 (11th Cir. 1997); **United States vs. Eggersdorf**, 126 F3rd 1318 (11th Cir. 1997); (a district court does not err by failing to articulate specifically the applicability, if any of each of §3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account. The district court, not the appellate court, should be the initial forum to decide whether to reduce a sentence in this circumstance. **United States vs Vazquez**, 53 F3rd 1216 (11th Cir. 1995).

Whether to reduce a sentence because of a change in the guidelines is governed by §1B1.10 (a), which states that retroactive application of a new guideline to an already sentenced defendant is only appropriate when the specific amendment is listed in §1B1.10(C) as one which should be applied to the defendant who have already been sentenced. **United States vs. Rodriquez-Diaz**, 19 F3rd 1340 (11th Cir. 1994).

Wherefore, based on the foregoing argument's and authorities, John Lee McCoy III, humbly, by the grace of God, urges this Honorable Court to grant this Motion and reduce his sentence to 51 months imprisonment relating to the cocaine and marijuanna attributed to him, the low end of the new guideline range respectably.

Dated this ___ day of November, 2014.                    Respectfully Submitted,

John Lee McCoy #55748 763

## CERTIFICATE OF SERVICE

I, John Lee McCoy III, do sware under penalty of perjury that all the information contained herein is the truth to all my abilities. Petitioner do certify that a true and correct copy of the original Motion has been furnished by mail, with first class postage pre-paid and sent to:

**WALTER E. HOFFMAN**
**UNITED STATES COURTHOUSE**
**600 GRANBY STREET, ROOM 193**
**NORFOLK, VA 23510-1915**

and enclosed which is deemed filed at the time it was delivered to prison officials for forwarding to the Court <u>Houston vs Lack</u>, 101 Led2nd 245 (1988), upon the Court and his/her attorney(s) of record, by placing the same in a sealed, postage pre-paid envelop, and deposited same in the United States Postal mail at F.C.I. Bennettsville, P.O. BOX 52020, Bennettsville, SC 29512.

Dated this ____ day of November, 2014.               Respectfully Submitted,

                                                    John Lee McCoy III 58743-083
                                                    F.C.I. Bennettsville
                                                    P.O. BOX 52020
                                                    Bennettsville, SC 29512